## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

RASHEEN LEWIS,
*Defendant*.

No. 3:99-cr-264-13 (VAB)

## RULING AND ORDER ON
## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

On May 18, 2020, Rasheen Lewis ("Defendant") moved for early termination of his term of supervised release under 18 U.S.C. § 3583(e)(1). Unopposed Mot. for Early Termination of Supervised Release, ECF No. 2678 (May 18, 2020) ("Def.'s Mot."). The Government does not object to the motion being granted.

For the reasons explained below, Mr. Lewis's motion is **GRANTED**.

### I.       FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the background of this case, and will only mention events as relevant to the disposition of this motion. *See United States v. Luke Jones*, 482 F.3d 60, 63–66 (2d Cir. 2006) (detailing evidence as to the conspiracy introduced at trial against co-defendant Luke Jones, in light most favorable to the Government).

On December 4, 2000, a jury found Mr. Lewis guilty of one count of drug conspiracy with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Verdict, ECF No. 513 (Dec. 4, 2000).

On March 16, 2001, Judge Alan H. Nevas sentenced Mr. Lewis to 300 months imprisonment, ten years of supervised release, and a special assessment of $100. J., ECF No. 624 (Mar. 22, 2001).

On November 28, 2007, after holding a resentencing hearing upon a limited remand from the Second Circuit consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and *United States v. Booker*, 125 S. Ct. 738 (2005), Judge Nevas issued an amended judgment, resentencing Mr. Lewis to 240 months imprisonment and ten years of supervised release. Am. J., ECF No. 2223 (Nov. 28, 2007). Mr. Lewis had previously paid the $100 special assessment. *Id.*

On October 6, 2017, Mr. Lewis began his ten-year term of supervised release, after his release from custody. Def.'s Mot. at 3.

On May 18, 2020, Mr. Lewis moved for early termination of his term of supervised release. *Id.* at 1. His Probation Officer "takes no position on early termination for Mr. Lewis," and the Government "does not object to this motion being granted." *Id.*

## II.     STANDARD OF REVIEW

A district court may, after considering the factors set forth in section 3553(a) "such as deterrence, public safety, rehabilitation, proportionality, and consistency," *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997), "'terminate a term of supervised release . . . at any time after the expiration of one year of supervised release,' so long as 'it is satisfied that such action is [1] warranted by the conduct of the defendant . . . [2] and the interest of justice.'" *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (quoting 18 U.S.C. § 3583(e)(1)). "The district court is not required to make specific findings of fact with respect to each § 3553(a) factor; instead, 'a statement that the district court has considered the statutory factors is sufficient.'" *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

"Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement

and present any information in mitigation." Fed. R. Crim P. 32.1(c)(1). A hearing is not required,

however, "if . . . (B) the relief sought is favorable to the person and does not extend the term of

probation or of supervised release; and (C) an attorney for the government has received notice of

the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim

P. 32.1(c)(2).

"Courts in the Second Circuit have made clear that '[e]arly termination is not warranted

as a matter of course.'" *United States v. Lewis*, No. 13-CR-487 (CBA), 2020 WL 1275233, at *1

(E.D.N.Y. Mar. 17, 2020) (quoting *United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, at

*1 (2d Cir. 1997)). Rather, early termination is warranted "[o]ccasionally," where

> changed circumstances—for instance, exceptionally good behavior
> by the defendant or a downward turn in the defendant's ability to
> pay a fine or restitution imposed as conditions of release—[ ] render
> a previously imposed term or condition of release either too harsh
> or inappropriately tailored to serve the general punishment goals of
> section 3553(a).

*Shellef*, 2018 WL 3199249, at *1 (quoting *Lussier*, 104 F.3d at 36). "Thus, because 'full

compliance with the terms of supervised release is what is expected of a person under the

magnifying glass of supervised release,' such compliance 'does not warrant early termination.'"

*Id.* (quoting *United States v. Fenza*, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y.

Aug. 2, 2013)). Section 3583(e)(1)) "authorizes the court to modify the conditions of supervised

release only when general punishment goals would be better served by a modification." *Lussier*,

104 F.3d at 35.

Ultimately, however, "[t]he decision whether to grant early termination rests within the

discretion of the district court." *United States v. Trotter*, 321 F. Supp. 3d 337, 359 (E.D.N.Y.

2018) (quoting *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010)); *see also*

*Sheckley*, 1997 WL 701370, at *1 ("We have explained that the determination of early release is a discretionary decision made by the district court." (internal citation omitted)).

### III.   DISCUSSION

The Second Circuit has stated that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015). "A court's ability to terminate supervision early or modify conditions provides an opportunity to reevaluate the efficacy of a supervised release term throughout its duration. Termination is appropriate when the rehabilitative goals of supervised release may no longer be attained or can be attained at too great a cost to the defendant and society." *United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018) (citing *Trotter*, 321 F. Supp. 3d at 364); *see also Johnson v. United States*, 529 U.S. 694, 709 (2000) ("Supervised release departed from the parole system it replaced by giving district courts the freedom to provide post-release supervision for those, and only those, who needed it.").

Courts have granted early termination of supervised release where defendants show "extraordinary rehabilitation." *United States v. Sam*, No. 16-CR-184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018) (citing *Lussier*, 104 F.3d at 36) (granting early termination to defendant who was a recipient of a Soros fellowship and actively involved in helping other formerly incarcerated women, whose "laudable efforts have in fact been hampered by her supervised release because she is restricted in her ability to associate with others who are still on supervised release"). By contrast, courts have denied early termination of supervision where a defendant "establish[es] only that he has complied with the specific terms of his probation and has continued to stay out of trouble following his release from prison," and "given the serious nature of [his] crimes." *Lewis*, 2020 WL 1275233, at *2 (denying early termination of supervised

release to a defendant who was sentenced for conspiracy to distribute cocaine base). Courts have also denied supervised release where there is concern that the defendant will return to serious criminal activity, *see, e.g.*, *Shellef*, 2018 WL 3199249, at *3 ("[G]iven the serious nature of [defendant]'s underlying criminal conduct, the Court concludes that supervised release remains necessary to ensure that he does not return to any criminal activity."); or where the defendant still has outstanding restitution obligations, *see, e.g.*, *Whittingham v. United States*, No. 12-CR-0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) (denying early termination where petitioner asserted that he had just been compliant with directives of the U.S. Probation Office and "still ha[d] outstanding restitution obligations of approximately $248,000.").

Mr. Lewis has served over thirty months of supervised release. Def.'s Mot. at 3. Since his release, he has worked for a company that sells boat gear and for FedEx on an overnight shift, while taking commercial driver's license classes during the day. *Id.* In 2018, after obtaining his commercial driver's license, he began work as a driver by Western Express, and now works at DHL Metro. *Id.* Mr. Lewis has permission from the U.S. Probation Office to travel from New Jersey (where he lives with his sister) to New York for work, and he is proud that he is financially self-supporting. *Id.* Mr. Lewis has worked hard to reestablish a bond with his daughter, who was born shortly before his incarceration and attends college in Florida. *Id.* at 4.

Although he did get a speeding ticket, which was dismissed, and experienced a miscommunication with the U.S. Probation Office about whether or not he was granted permission for travel to Jamaica, Mr. Lewis has done well on supervision. *Id.* His Probation Officer relayed to his counsel that his "compliance has been good enough to be moved to the administrative supervision caseload as of July 15, 2019." *Id.* Mr. Lewis's activities while on supervised release suggest that there is little to no risk that he will reengage in the drug

trafficking conduct for which his original sentence was imposed. *Compare Thomas*, 346 F. Supp. 3d at 335 ("Extended supervision is unlikely to have any deterrent effect on him personally or on the public generally."), *with Shellef*, 2018 WL 3199249, at *3 ("[G]iven the serious nature of [defendant]'s underlying criminal conduct, the Court concludes that supervised release remains necessary to ensure that he does not return to any criminal activity.").

Mr. Lewis also emphasizes his less serious role in the offense, that he was "sentenced before the Fair Sentencing Act was passed, lowering the statutory penalties for crack cocaine offenses," and that he served the entirety of his sentence "before the passage of the First Step Act, which allowed retroactive application of those reduced penalties in some cases." Def.'s Mot. at 2, 8. Although Mr. Lewis does not raise a First Step Act claim, he notes that several codefendants[1] have had their life sentences reduced to time served under the First Step Act. *Id.*

Significantly, the Government does not object to Mr. Lewis's motion, and nor does the U.S. Probation Office. *See* Order, *United States v. Costanzo*, 3:19-cr-19 (VAB), ECF No. 144 (Oct. 25, 2019) ("granting Motion for Early Termination of Probation . . . for the reasons stated in the motion, and because neither the Government nor Probation oppose the motion").

Having considered Mr. Lewis's conduct while on supervised release, the factors enumerated in 18 U.S.C. § 3553(a), and the purposes of supervised release, the Court concludes

---

[1] This Court previously reduced the life sentences of Leonard Jones, Lonnie Jones, Lyle Jones, Jr., Aaron Harris, Kenneth Richardson, Quinne Powell, and Damon Walker to time served. *See United States v. Damon Walker*, Order Reducing Sentence, No. 3:99-cr-264-19, ECF No. 2536 (Aug. 27, 2019); *United States v. Lonnie Jones*, Order Reducing Sentence, No. 3:99-cr-264-3, ECF No. 2558 (Aug. 27, 2019); *United States v. Powell*, 2019 WL 4889112 (D. Conn. Oct. 3, 2019); *United States v. Kenneth Richardson*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-8, ECF No. 2585 (Oct. 3, 2019); *United States v. Lyle Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-6, ECF No. 2592 (Oct. 7, 2019); *United States v. Leonard Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-5, ECF No. 2625 (Dec. 19, 2019); *United States v. Aaron Harris*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-4 (VAB), ECF No. 2638 (Jan. 13, 2020). The Court also recently reduced the life sentence of Luke Jones to 450 months. *United States v. Luke Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-1 (VAB), ECF No. 2682 (May 29, 2020).

that supervision is no longer necessary for Mr. Lewis's rehabilitation. As a result, and in order

for the U.S. Probation Office to direct its limited resources to those who need continued

supervision, early termination of Mr. Lewis's supervised release term is warranted under 18

U.S.C. § 3583(e)(1). *See also Trotter*, 321 F. Supp. 3d at 240 (noting that "[t]he resources of the

Probation Department are limited. . . . [and t]he Probation Department should be focused on

assisting those defendants with the potential for success").

### IV.    CONCLUSION

For the foregoing reasons, the Court finds that early termination of Mr. Lewis's

supervised release "is warranted by the conduct of the defendant released and the interest of

justice[.]" 18 U.S.C.A. § 3583(e)(1).

Accordingly, the Court **GRANTS** Mr. Lewis's motion and **ORDERS** that his term of

supervised release be terminated immediately.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of June, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge